# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# TYLER DIVISION



APR -7 2025

Clerk, U.S. District Court
Texas Eastern

MIRANDA WILT, Individual and as Parent

And Next Friend of A.W., a Minor

Plaintiffs, Pro Se

Civil Action NO 6:25cv118
Love

VS.

COMPLANT

AND JURY DEMAND

Smith County Sheriff's Office;
Sheriff Larry Smith, in his individual and official capacities;

Deputy Banko S., in his individual and official capacities;

Investigator Brock M., in his individual and official capacities

Defendants

---

## CIVIL RIGHTS AND ADA COMPLAINT – FAILURE TO INVESTIGATE AND PROTECT DISABLED CHILD VICTIM

---

## I. INTRODUCTION

1. This is a civil action for damages and injunctive relief under **42 U.S.C. § 1983**, **Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.)**, and **Section 504 of the Rehabilitation Act (29 U.S.C. § 794)** arising from the Smith County Sheriff's Office's failure to properly investigate and protect **A.W., a 13-year-old special education student**, following a report of child sexual abuse.

2. Law enforcement officers with the Smith County Sheriff's Office ("SCSO") failed to respond to a credible report of sexual assault, ignored direct evidence in the form of a recording identifying the abuser, and neglected their legal duties to investigate, protect, and accommodate a disabled minor.

3. These failures violated A.W.'s constitutional rights under the **Fourteenth Amendment**, statutory rights under the **ADA** and **Section 504**, and caused severe and lasting psychological harm.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's federal claims under **28 U.S.C. §§ 1331** (federal question) and **1343** (civil rights).

5. Venue is proper in the Eastern District of Texas under **28 U.S.C. § 1391(b)** because the events giving rise to the claims occurred in **Smith County, Texas**.

## III. PARTIES

6. **Plaintiff Miranda Wilt**, is a resident of Smith County, Texas and brings this action individually and as the parent and legal guardian of minor child **A.W.**.

7. **A.W.** is a 13-year-old child with disabilities who, at all relevant times, was enrolled in special education at Whitehouse ISD.

8. **Defendant Smith County Sheriff's Office (SCSO)** is a public entity organized under Texas law and a "public entity" within the meaning of the ADA.

9. **Defendant Sheriff Larry Smith** is the elected Sheriff of Smith County and final policymaker for SCSO. He is sued in both his **individual** and **official** capacities.

10. **Defendant Deputy Banko S.** was the initial responding officer for the case involving A.W. and is sued in both his **individual** and **official** capacities.

11. **Defendant Investigator Brock M.** was the investigating officer assigned to follow up on the report and is sued in both his **individual** and **official** capacities.

## IV. FACTUAL ALLEGATIONS

12. On or about **July 31, 2024**, a report of suspected **child sexual assault** was made to SCSO concerning A.W., a disabled child residing at 20545 Eastern Hills Dr, Flint, Texas.

13. The report was classified under **Texas Penal Code § 22.011(a)(2)** and involved an allegation that A.W. had been sexually assaulted.

14. The report was received via telephone by **Deputy Banko S.**, who did not go to the scene, did not interview A.W. in person, and made no effort to investigate.

15. A.W.'s caregivers, **Miranda Wilt and Andrew Martin**, informed Deputy Banko that they had a **recording of A.W. stating who assaulted him**. Deputy Banko **refused to retrieve the recording** or conduct a proper investigation.

16. No evidence was collected, no welfare check was performed, and no attempt was made to separate the child from the alleged environment of abuse at Whitehouse ISD.

17. On **August 1, 2024**, the case was reassigned to **Investigator Brock M.**, who scheduled a **forensic interview** for August 5, 2024, at the Children's Advocacy Center.

18. A.W. did not make an "outcry" during the interview. **Despite this**, the case was **closed the next day, August 6, 2024**, without any further investigation.

19. Although A.W. was enrolled in a **special education classroom at Whitehouse ISD**, no attempt was made to obtain **school surveillance video**, despite Texas law requiring such footage to be retained in special education settings.

20. At all times, Defendants were aware A.W. had a disability. No accommodations were made to support effective communication with A.W. or to provide him equal access to investigative protection.

21. As a result of these failures, A.W. suffered emotional trauma, distress, and was denied meaningful access to the services and protection of law enforcement.

## VI. DAMAGES

27. As a direct result of Defendants' unlawful conduct, Plaintiff and A.W. have suffered:

- Emotional distress and psychological harm
- Denial of public safety services
- Medical and therapeutic expenses
- Permanent loss of trust and security

28. Plaintiff demands a total of **$1,500,000.00** in damages, consisting of:

- **Compensatory damages:** $750,000.00
- **Punitive damages:** $750,000.00

## VII. JURY DEMAND

29. Plaintiff hereby demands a **trial by jury** on all issues triable to a jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Enter judgment in favor of Plaintiff and against all Defendants, jointly and severally;

B. Award compensatory and punitive damages in the total amount of **$1,500,000.00**;

C. Declare that Defendants violated Plaintiff's rights under the Constitution, ADA, and Section 504;

D. Grant injunctive relief requiring SCSO to adopt ADA-compliant training, protocols, and procedures for investigating crimes involving individuals with disabilities;

E. Award any further relief this Court deems just and proper.

**Respectfully submitted,**

**Miranda Wilt**
*Pro Se Plaintiff*
PO BOX 1932
Lindale, TX 75771
903-752-1632
lovepotion2010@yahoo.com

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MIRANDA WILT, Individual and as Parent And Next Friend of A.W., a Minor

**(b)** County of Residence of First Listed Plaintiff: SMITH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Smith County Sheriffs Office Larry Smith Deputy Ballo S Deputy Brock M individual and offical capacities

County of Residence of First Listed Defendant: SMITH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983 – Civil Rights Violations 42 U.S.C. § 12132 – Americans with Disabilities Act 29 U.S.C. § 794 –

Brief description of cause:
Failure of Smith County law enforcement to investigate sexual abuse report involving disabled minor; denial of equa

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 1.5 million

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____ DOCKET NUMBER ____

DATE: 4/7/25

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.